**CLARK LAW OFFICES**
3700 N. 24th Street, Ste. 120
Phoenix, Arizona 85016
Telephone: 602.956.3328
Fax: 602.956.1167
mjc@clarklawaz.com

Mari Jo Clark
State Bar #022842

Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Tim and Kathy Hoffman,<br><br>Debtors. | Chapter 13 Proceeding<br><br>Case No. 2:09-bk-19620-RJH |
| Tim and Kathy Hoffman,<br><br>Plaintiffs.<br><br>vs.<br><br>JPMorgan Chase Bank,<br><br>Defendant. | Adversary No. 2:10-ap-02314-RJH<br><br>**COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN REAL PROPERTY** |

## COMPLAINT

Plaintiffs, Tim and Kathy Hoffman, by and through undersigned counsel, Mari Jo Clark, hereby state for complaint as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 506(a), 11 U.S.C. § 1123(b)(5) and Rule 7001 et seq. Rules of Bankruptcy Procedure.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (K).

3. Defendant, JP Morgan Chase Bank, based upon information and belief, is licensed to do, write and make residential mortgage loans in the State of Arizona.

…

4. Based upon information and belief, the Defendant is a business entity and is not subject to the Servicemembers Civil Relief Act.

5. Plaintiffs reside in Maricopa County and are the Debtors in the above captioned Chapter 13 Proceeding.

6. Plaintiffs filed a voluntary Chapter 13 petition on August 14, 2009, in the U.S. Bankruptcy Court in and for the District of Arizona, and such case was assigned Case No. 2:09-bk-19620-RJH.

7. Plaintiffs, at the time of the filing of their case, were the owner of certain real property, such real property being their residence, located at 2816 E. Jasmine St., Mesa, AZ 85213 (the "Property") with a legal description as follows:

LOT 11, JASMINE RANCHETTES, ACORDING TO THE BOOK 152 OF MAPS, PAGE 11, RECORDS OF MARICOPA COUNTY, ARIZONA. TAX ID: 141-14-029

8. The Plaintiffs believe and thereon allege that the Property is worth $444,000.00 based on an appraisal dated July 22, 2009 and prepared by John Saggio of Appraisal Analysts of Arizona. A true and correct copy of the real estate appraisal is attached hereto as Exhibit A and is incorporated herein by reference.

9. The Property is subject to a first position mortgage lien in favor of CitiMortgage, Inc. (hereinafter the "First Mortgage") as evidenced by:

   a. That certain Deed of Trust dated November 2, 2007, and recorded in the office of the County Recorder for Maricopa County, Arizona, at Record Number 2007-0028877 on January 8, 2007, ( hereinafter the "First D/T) in favor of ABN AMRO Mortgage Group, Inc. A true and correct copy of the First D/T is attached hereto as Exhibit B and is incorporated herein by reference.

    b. That certain Certificate of Merger of ABN AMRO Mortgage Group, Inc. into CitiMortgage Inc. dated August 21, 2007, and also attached hereto as part of Exhibit B and incorporated herein by reference.

    c. Based upon information and belief, the First Mortgage and First D/T have been transferred and/or assigned to CitiMortgage, Inc.

10. Based upon information and belief, the debt owed to the First Mortgage, as of the date of filing of the instant Chapter bankruptcy case, is in the amount of $499,483.93.

11. The Property is also subject to a second position mortgage lien in favor of the Defendant (hereinafter the "Second Mortgage") as evidenced by:

    a. That certain Deed of Trust dated January 28, 2008, and recorded in the office of the County Recorder for Maricopa County, Arizona, at Record Number 2008-0144565 on February 20, 2008 (hereinafter the "Second D/T"). A true and correct copy of the Second D/T is attached hereto as Exhibit C and is incorporated herein by reference; and

    b. Based upon information and belief, the Second Mortgage and Second D/T have been transferred and/or assigned to Defendant and Defendant is the holder of the Second Mortgage or Second D/T.

12. Based upon information and belief, the debt owed to the Second Mortgage, as of the date of filing the instant Chapter 13 bankruptcy case, is in the amount of $129,851.00.

13. Plaintiffs allege that after applying the value of the residence to the First Mortgage there is no equity remaining to which the Second Mortgage can attach.

| | |
|---|---|
| Appraised Value of the Property | $444,000.00 |
| Less: First Mortgage Lien | $499,483.93 |
| Available Equity for Second Lien | ($0.00) |

14. Plaintiff asserts that pursuant to 11 U.S.C. §§506(a)(1) and (d), Defendant's claim is totally unsecured and its lien upon the Property is void.

**WHEREFORE,** Plaintiffs pray that this Court find in favor of the Plaintiffs and Order the following:

    a. That there is insufficient equity to which Defendant's Second Mortgage can attach;

    b. That Defendant's Second Mortgage lien is totally unsecured and void;

    c. That the Defendant's claim, if filed, shall be treated as a general unsecured claim under the Plaintiffs' Chapter 13 Plan;

    d. That this Court order the Defendant to cancel and release the second mortgage lien on the residential real estate of the Debtors pursuant to 11 U.S.C. Section 506(d) immediately upon the entry of the Discharge Order, and deliver a copy of the release to the Debtors' attorney within 20 days from the date of the discharge at no charge or fee for the release and delivery;

    e. That the Order of this Court may be recorded and the same shall have the effect of voiding the lien on the public records; and

    f. That Plaintiffs recover any relief this Court deems just and proper.

SIGNED this date: December 22, 2010,

                                                  MJC (022842)
                                                  Mari Jo Clark, Esq.